IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

FORD T. JOHNSON, JR., *

    Plaintiff, *

    v. * CIVIL NO.: WDQ-98-3050

UNITED STATES OF AMERICA *

    Defendant. *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On January 29, 2002, the Clerk closed this case after the Court entered a judgment of more than $1.4 million for the Government. ECF No. 37. Pending is the Government's motion to reopen the case. For the following reasons, the Government's motion will be granted.

I. Background

Johnson was the president, chairman, and majority shareholder of Koba Associates, Inc. ("Koba").[1] On September 4, 1998, he sued to recover $15,435.50 that the Internal Revenue Service (the "IRS") withheld from his 1995 personal tax return. *Johnson*, 203 F. Supp. 2d at 417. The IRS counterclaimed that Johnson was liable for $887,726.78 plus penalties and interest

---

[1] *Johnson v. United States*, 203 F. Supp. 2d 416, 417 (D. Md. 2002), *aff'd*, 50 F. App'x 113 (4th Cir. 2002) (per curiam), *cert. denied*, 540 U.S. 812 (2003).

in Koba's unpaid employee withholding taxes. *Id.* On January 29, 2002, the Court granted the Government's motion for summary judgment, ordered a judgment of $1,498,004.01 plus interest, and directed the Clerk to close the case. ECF No. 37. Johnson has not satisfied the judgment. ECF No. 43 at 1.

On April 12, 2011, the Government moved to reopen the case to permit consideration of a motion for an installment payment order.[2] ECF No. 42. On May 13, 2011, Johnson opposed the motion to reopen.[3] ECF No. 52. On June 3, 2011, Johnson offered to compromise the judgment. ECF No. 55 at 2; ECF No. 58 at 1. On June 15, 2011, the Government rejected that offer. ECF No. 58 at 1.

II. Analysis

The Government seeks to reopen the case because Johnson has "refused to satisfy the judgment voluntarily." ECF No. 43 at 1. Johnson counters that the Government has presented no facts showing that it has tried to collect on the judgment. ECF No. 52 at 1. He contends that he has no income and should be allowed to seek a reduced tax liability through the IRS's administrative offer-in-compromise process. *Id.* at 2.

---

[2] Magistrate Judge Beth P. Gesner has suspended review of the motion for an installment payment order until the motion to reopen is resolved. ECF No. 54.

[3] The Government did not file a reply to Johnson's opposition, and the time to reply has passed. *See* Local Rule 105.2 (reply must be filed within 14 days after service of the opposition).

Johnson does not dispute that the judgment is outstanding.[4] A court's jurisdiction "is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied." *Riggs v. Johnson Cnty.*, 73 U.S. 166, 187 (1867). Accordingly, the Court will reopen the case to permit consideration of the motion for an installment payment order.

III. Conclusion

For the reasons stated above, the Government's motion to reopen will be granted.

10/6/11
Date

William D. Quarles, Jr.
United States District Judge

---

[4] His argument that he has no income and is entitled to reduced liability goes to the merits of the motion for an installment payment order, not the motion to reopen.