**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **FORD T. JOHNSON, JR.** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. WDQ-98-3050** |
| **UNITED STATES OF AMERICA,** | * | |
| **Defendant.** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## REPORT AND RECOMMENDATION

Before the court is the United States' Motion for Installment Payment Order ("Motion")
pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3204.  (ECF No.
45.)  Currently pending are the United States' Motion (ECF No. 45) and Memorandum in
Support of Motion for Installment Payment Order ("Memorandum") (ECF No. 46), plaintiff's
Opposition to the United States' Motion to Impose Installment Payment Order ("Opposition")
(ECF No. 62), and the United States' Reply Memorandum in Support of Motion for Installment
Payment Order ("Reply").  (ECF No. 63.)  The United States seeks an order compelling the
judgment debtor in this action, Ford T. Johnson, Jr. ("plaintiff"), to make monthly installment
payments in the amount of $400 to the United States until the total judgment debt of
$1,498.004.01, plus the accrued post judgment interest and the 10 percent surcharge imposed by
28 U.S.C. 3011(a),[1] has been satisfied.[2]  (ECF Nos. 45, 46.)  Plaintiff opposes the United States'

---

[1] Section 3011(a) provides, in pertinent part:

[The United States may] recover a surcharge of 10 percent in the amount of the debt in
connection with the recovery of the debt, to cover the cost of processing and handling the
litigation and enforcement under this chapter for the claim of such debt.

Motion, contending that a $400 monthly installment payment order is neither appropriate nor reasonable because it "would impose an undue hardship" on plaintiff and his family "without meaningfully reducing" the overall judgment.  (ECF No. 62 at 2.)

Judge Quarles referred this case to the undersigned pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 to hold a hearing and to make recommendations regarding the United States' Motion.  (ECF No. 49.)  Accordingly, a hearing was held in open court before the undersigned on February 7, 2012, at which plaintiff testified and counsel were heard.  For the reasons discussed herein, I respectfully recommend that the United States' Motion for Installment Payment Order (ECF No. 45) be GRANTED and that plaintiff be ordered to make monthly installment payments to the United States in the amount of $400 until the total judgment debt of $1,498.004.01, plus the accrued post judgment interest and costs, has been satisfied.

## I.  __BACKGROUND__

Plaintiff commenced this action on September 4, 1998 to recover $15,435.50 that the Internal Revenue Service ("IRS") had withheld from his 1995 personal tax return.  Johnson v. United States, 203 F. Supp. 2d 416, 417 (D. Md. 2002).  The IRS counterclaimed that plaintiff was liable for $887,726.78, plus interest and statutory penalties, in unpaid employee withholding taxes for Koba Associates, Inc.[3]  On January 28, 2002, the court granted the United States'

---

28 U.S.C. § 3011(a).

[2] The amount due as of December 1, 2010 is $2,474,531.50.  (ECF No. 46.)

[3] Plaintiff was the president, chairman of the board, and majority shareholder of Koba Associates, Inc., "a small company engaged in, among other things, community planning and economic development in the District of Columbia."  Johnson, 203 F. Supp. 2d at 417.  The IRS contended that plaintiff was liable for 100 percent of the unpaid taxes because he was a "responsible person" who willfully failed to pay employee withholding taxes within the meaning of 26 U.S.C. § 6672.  Id.

Motion for Summary Judgment, ordered a judgment of $1,498.004.01 plus interest against plaintiff, and directed the Clerk to close the case.  (ECF No. 37.)

On April 12, 2011, the United States moved to reopen the case to permit consideration of its Motion for Installment Payment Order.  (ECF No. 42.)  Plaintiff opposed the Motion to Reopen Case.  (ECF No. 52.)  On April 20, 2011, Judge Quarles referred the case to the undersigned to hold a hearing and make recommendations regarding the United States' Motion and Memorandum.  (ECF No. 49.)  On May 18, 2011, the undersigned suspended review of the instant motion until resolution of the United States' Motion to Reopen Case.  (ECF No. 54.)

On October 7, 2011, the court granted the United States' Motion to Reopen Case "to permit consideration of the motion for an installment payment order."  (ECF Nos. 59, 60.) Accordingly, the undersigned resumed review of the instant motion on October 11, 2011.  (ECF No. 61.)  On October 28, 2011, plaintiff filed his Opposition (ECF No. 62), and on November 14, 2011, the United States filed its Reply.  (ECF No. 63.)  On February 7, 2012, in accordance with 28 U.S.C. § 3204(a), a hearing was held in open court.  Present at the hearing were plaintiff and plaintiff's counsel, Alexei M. Silverman, Esq.  Gerald A Role, Esq., and Melissa Dickey, Esq. appeared on behalf of the United States.  At the hearing, counsel were heard and plaintiff testified and introduced his 2011 Form 1099 and attached schedule into evidence.  (ECF No. 67.)

## II.   DISCUSSION

The United States seeks an order pursuant to 28 U.S.C. § 3204 compelling plaintiff to remit $400 monthly installment payments to the United States until the total judgment debt, plus accrued interest and costs, has been satisfied.  (ECF Nos. 45, 46.)  The central dispute is whether ordering plaintiff to make monthly installment payments to the United States is appropriate, and, if so, what amount is reasonable.  The United States maintains that an installment payment order

is appropriate pursuant to § 3204 because the post-judgment interrogatories it propounded to plaintiff show plaintiff "is believed to receive substantial non-exempt disposable earnings from self-employment that are not readily subject to garnishment," and that plaintiff "is not subject to any present writ of garnishment with regards to his judgment liability in the present case." (ECF No. 46 at 2.)  The United States asserts that "[m]onthly payments of $400 are reasonable considering the substantial income believed to be earned by [plaintiff], his reasonable living expenses, and the size of the judgment" and "there is nothing about [plaintiff's] financial situation that indicates that monthly payments of $400 would impose an undue financial hardship on him."  (Id.)

Plaintiff's primary contention is that no installment payment is appropriate because it "would impose an undue hardship on [plaintiff], and by extension, his wife and children," without meaningfully reducing the outstanding judgment. (ECF No. 62 at 2.)  At the hearing held in this case, plaintiff also maintained that the amount of the monthly installment payment that the United States seeks, $400, is unreasonable.

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 et seq., "provides the exclusive civil procedures for the United States … to recover judgment on a debt." 28 U.S.C. § 3001(a)(1).  Section 3204(a) of the FDCPA authorizes a court, if appropriate, to order the judgment debtor to make installment payments to the United States:

> [If] it is shown that the judgment debtor (1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or (2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings; then upon motion of the United States and notice to the judgment debtor, the court may, if appropriate, order that the judgment debtor make specified installment payments to the United States.

28 U.S.C. § 3204(a).  Under the procedure set forth by § 3204(a), a hearing must be held to determine the appropriateness of the relief requested.  28 U.S.C. § 3204(a).  In addition, an

installment payment order may only be issued with respect to "nonexempt disposable earnings" of the debtor and may not be issued "against a judgment debtor with respect to whom there is in effect a writ of garnishment of earnings issued under [the FDCPA] and based on the same debt." 28 U.S.C. § 3204(c).

The parties do not dispute that plaintiff is a self-employed debtor within the meaning of § 3204(a)(1) or that plaintiff is not presently subject to a writ of garnishment with regard to his judgment liability in the present case.  (ECF Nos. 46, 62, 63.)  The parties also agree that plaintiff's earnings consist solely of his 1099 Miscellaneous Income ("1099 income"), as shown by plaintiff's 2011 Form 1099, which plaintiff introduced into evidence at the hearing. Plaintiff's 2011 Form 1099[4] shows that he earned $63,787.00 in 2011, which plaintiff testified was to compensate him for work performed as president of Koba Institute, Inc. ("Koba"),[5]  and represents the total amount of rent and penalties for late payments of rent under the lease that Koba paid in 2011 for the home that he shares with his wife, son, niece, and sister-in-law.[6]

---

[4] When the United States filed its Motion, plaintiff's 2010 Form 1099 represented the most recent earnings data available for plaintiff.  Plaintiff attached his 2010 Form 1099 and Koba payment schedules to his Opposition as Exhibit 1, which showed that plaintiff earned $75,000 in 1099 income in 2010.  (ECF No. 62, Ex. 1.)  Plaintiff testified that this income represented rental payments for his home and payments for life insurance premiums.  Plaintiff testified his earnings were lower in 2011 than 2010 because, in 2011, payments for life insurance premiums were allocated to his wife.

[5] Plaintiff testified that Koba is a closely-held corporation that provides residential care services to children at five group homes in the Washington metropolitan area.  Plaintiff further advised that he and his wife are the co-founders of Koba and that his wife is the sole shareholder and owner.  Plaintiff is the president of Koba, and his wife serves as the vice president and human resources director, and also manages admissions and collections.

[6] Plaintiff attached a payment schedule generated by Koba's data system to his 2011 Form 1099, which he testified showed the $5,250.00 monthly rental payments and $157.50 penalty payments for late rent.  (ECF No. 67.)

The parties dispute whether an installment payment order is appropriate and whether the amount that the United States requests is reasonable.  Plaintiff maintains that an installment payment order is not appropriate, in part because it would impose an undue hardship on him and his dependents.  (ECF No. 62 at 2.)  Plaintiff testified that he financially supports his 24-year-old adult son who has Asperger's Syndrome.  Plaintiff advised that, if a $400 monthly installment payment was taken out of his 1099 income, he would not be able to pay the rent due on his home.  He further noted that, if his family was forced to relocate as a result, it would have a destabilizing effect on his son.  Plaintiff also testified that, in his position as president, he makes the final decisions regarding the salaries of all Koba employees.  Plaintiff advised that he and his wife reached a "mutual decision" that his compensation would be paid solely in the form of rental payments for the family home in the total amount of $63,787.00, but that his wife would be paid a salary of approximately $130,000.00-140,000.00.  He testified that their primary consideration in making these decisions was maintaining the stability of their family, and that they decided the "best way" to do that was for plaintiff not to receive a salary.

The United States argues that an installment payment order as to plaintiff's earnings is a "fair, efficient, and statutorily authorized means to ensure that [plaintiff] begins to meet his legal obligation to the United States with respect to the [outstanding judgment]."  (ECF No. 46 at 2-3.)  The United States notes the large amount of plaintiff's debt, $2,474,531.50 as of December 1, 2010, and observes that plaintiff has not made a single payment on the debt.[7]  (ECF Nos. 46, 63.)

---

[7] The United States further notes that the court awarded the judgment in the instant case because it found that plaintiff was liable for willfully failing to pay withholding taxes of employees of Koba Associates, Inc., Johnson, 203 F. Supp. 2d at 417-418, and that plaintiff and his wife are now subject to another proceeding in this court for similar unpaid withholding tax liabilities for Koba Institute, Inc., which they founded the day after Koba Associates, Inc. filed for bankruptcy.  (ECF No. 63 at 2 (citing Johnson v. U.S. Dep't of Treasury, No. 08:09-cv-0787-DKC (D. Md.).)

At the hearing in this case, the United States argued that plaintiff, in his role as president, is in control of Koba's corporate structure, and has organized it in such a way as to avoid making any payments on his debt by electing not to receive a salary, which he recognizes would be subject to garnishment.  Instead, the United States maintains, plaintiff is channeling earnings from Koba to be paid to his wife, who is not subject to the judgment at issue here.

Based upon a review of the record and the testimony and evidence offered at the hearing, the undersigned finds that the United States has shown that plaintiff has "substantial nonexempt disposable earnings from self employment" under § 3204(a)(1), $63,787.00 in 1099 income, and those earnings are "not subject to garnishment" within the meaning of § 3204(c).[8]  28 U.S.C. § 3204(a)(1), (c).  The fact that plaintiff has caused the income he earns as president of Koba to be paid directly to the lessor of his residence and taxed as 1099 income does not alter the essential character of that income.  That income constitutes "substantial earnings" within the meaning of the FDCPA.  See 28 U.S.C. § 3002(6) ("'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise . . . .").  Accordingly, the undersigned finds that an installment payment order is both authorized and appropriate under 28 U.S.C. § 3204.

The United States requests that the court order plaintiff to make a $400 monthly installment payment.  (ECF Nos. 45, 46, 63.)  At the hearing, plaintiff contended that the amount

---

[8] At the hearing in this case, the United States stated that, although it was proceeding against plaintiff pursuant to § 3204(a)(1), an analysis under § 3204(a)(2) may apply here because plaintiff is "diverting earnings" to his wife within the meaning of § 3204(a)(2).  The undersigned concludes, however, that § 3204(a)(1) sets forth the appropriate analysis for this case.  See 28 U.S.C. § 3204(a)(1).

the United States seeks is unreasonable, but did not offer an alternative amount.[9]   Section

3204(a) provides:

> [I]n fixing the amount of payments, the court shall take into consideration after a hearing, the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States.

28 U.S.C. § 3204(a).  Although the § 3204(a) factors focus the court on the "requirements of the

judgment debtor and the judgment debtor's dependents," the evidence in this case clearly

establishes that plaintiff and his wife share the family's financial obligations.  The undersigned

notes that plaintiff's son is not plaintiff's dependent alone and that, as he testified, plaintiff is not

supporting any dependent beyond paying rent on the family home.  It is also worth noting that

plaintiff's testimony revealed that his wife's annual salary, which is used for all household

expenses with the exception of rent, is approximately double that of plaintiff's, even though she

works substantially fewer hours than plaintiff.[10]

---

[9] Relying on NLRB v. Potential School for Exceptional Children, at al., 1999 U.S. Dist LEXIS 19172, at *16 (N.D. Ill. 1999), plaintiff argues that a $400 monthly payment is unreasonable because it would "impose an undue hardship on [plaintiff and his family] without meaningfully reducing the large judgment sought to be collected by the United States."  (ECF No. 62 at 2.)  The undersigned is not persuaded by this argument as the facts of Potential School are substantially different from the present case.  In Potential School, the judgment debtor's sole source of income was $1,096.00 in monthly social security payments, only $16,736.37 of the $130,777.00 obligation remained outstanding, and an arrangement had been reached to satisfy the outstanding balance of the debt.  Potential School, 1999 U.S. Dist LEXIS 19172, at *2, 5-6.  The court denied the Government's motion for an installment payment order pursuant to § 3204 because it found the Government had not shown that an order was authorized under § 3204(a) and that such an order was prohibited by § 3204(c) because a writ of garnishment existed on earnings on the same debt.  Id. at *16.

[10] Plaintiff testified that his wife earned a salary of approximately $130,000.00-140,000.00 in 2011 and that she generally works from the hours of 9:00 a.m. to 5:00 p.m. five days per week.  Plaintiff earned $63,787.00 in 1099 income in 2011, and testified that he works Monday through Friday from approximately 6:30 a.m. until 6:30 p.m. or later, and Saturday and Sunday from 8:30 a.m. to 5:00 or 6:00 p.m.  Plaintiff's suggestion that his wife is compensated at a higher rate because she is the sole owner of Koba is unpersuasive.

At the hearing, plaintiff argued that he will be unable to pay rent if a portion of his 1099 earnings are diverted toward a $400 monthly installment payment.  The undersigned is not persuaded by this argument, especially in view of the fact that plaintiff, who testified that he has complete control over the allocation of salaries of Koba employees, has selected this method and manner of compensation.  The fact that plaintiff chose to have the full amount of his earnings applied toward the rental obligations of his family's residence does not have a significant bearing on the question of whether sufficient funds exist to meet installment payment obligations.  The undersigned concludes that the intent of § 3204 cannot be circumvented by plaintiff's decision to structure his compensation as he has.  Accordingly, the undersigned finds that plaintiff has not shown that monthly payments of $400 would impose an undue financial hardship on him or that the monthly installment amount that the United States requests is unreasonable.

### III.  CONCLUSION

Based upon a review of the record, the testimony and evidence elicited at the hearing, and a consideration of the factors set forth by § 3204(a), the undersigned concludes that an installment payment order as to plaintiff's earnings is appropriate and that the $400 monthly installment amount requested by the United States is not unreasonable.[11]  Accordingly, for the reasons discussed above, the undersigned respectfully recommends that the United States' Motion for Installment Payment Order (ECF No. 45) be GRANTED and that plaintiff be ordered to make monthly installment payments in the amount of $400 to the United States until the total judgment debt of $1,498.004.01, plus the accrued post judgment interest and the 10 percent surcharge for costs pursuant to 28 U.S.C. § 3011(a), has been satisfied.

---

[11] Twelve $400 monthly installment payments yield a total of $4800.00 in payments per year, representing approximately 7.5 percent of $63,787.00, the amount of plaintiff's 2011 earnings.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date:  2-15-12                                         /s/                                

                                                    Beth P. Gesner
                                                    United States Magistrate Judge